UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAVAREON Q. HAYWOOD,

    Plaintiff,

v.

WARDEN O.T. WINN, et al.,

    Defendants.

_____/

Case No. 2:20-CV-12976
Hon. Arthur J. Tarnow

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR PERSONAL PROTECTIVE ORDER [ECF NO. 1] AND DISMISSING CASE

Plaintiff Cavareon Q. Haywood, currently confined at the Saginaw Correctional Facility in Freeland, Michigan, and proceeding *pro se*, filed a motion for a personal protective order from retaliation. ECF No. 1. For the reasons stated below, the Court dismisses Plaintiff's action without prejudice to him filing a proper complaint regarding the constitutional violations to which he refers in his motion, accompanied by filing fees or the appropriate documentation to obtain *in forma pauperis* status.

### I.  Background

Plaintiff asserts racial discrimination, verbal and mental abuse, and retaliation by employees of the Michigan Department of Corrections. He has named as defendants the warden of the Saginaw Correctional Facility, the

director of the MDOC, and four other corrections officials. Plaintiff requests the Court issue a personal protective order "to ensure his safety from loss of liberty, life, and privileges." ECF No. 1, PageID. 3. Plaintiff also requests that if he is retaliated against by any MDOC employees, they be immediately terminated and denied immunity. *Id*. Plaintiff identifies no specific instances of discrimination, retaliation, or other misconduct by Defendants, although he alleges he has been "secretly threatened" by them. *Id*.

On November 12, 2020, Magistrate Judge R. Steven Whalen signed an order of deficiency which required Plaintiff to pay the $400.00 filing fee or to submit an application to proceed *in forma pauperis* within thirty days of the order. ECF No. 3. To date, Plaintiff has neither paid the filing fee in full nor supplied this Court with the requested information.

## II. Discussion

The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1) (as amended); *see also In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), allows prisoners to make a "downpayment" of a partial filing fee and pay the remainder in installments. *Miller v. Campbell*, 108 F.Supp.2d 960, 962 (W.D.

Tenn. 2000). Under the PLRA, a prisoner may bring a civil action *in forma pauperis* if he or she files an affidavit of indigency and a certified copy of his or her trust fund account statement for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a). If the inmate does not pay the full filing fee and fails to provide the required documents, the district court must notify the prisoner of the deficiency and grant him or her thirty days to correct it or pay the full fee. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997). If the prisoner does not comply, the district court must presume that the prisoner is not a pauper, assess the inmate the full fee, and order the case dismissed for want of prosecution. *Id*.

As noted above, Plaintiff has neither paid the filing fee nor provided the documentation required to proceed *in forma pauperis*. The Court notified Plaintiff of the deficiency and gave him thirty days to cure it. Because this time has elapsed and Plaintiff has not complied with the Court's order, the Court shall dismiss the complaint without prejudice. *See Erby v. Kula*, 113 F. App'x 74 (6th Cir. 2004); *Davis v. United States*, 73 F. App'x 804, 805 (6th Cir. 2003).

Plaintiff's action is also subject to dismissal because he failed to file an actual complaint in this case. Federal Rules of Civil Procedure 3 indicates clearly that "[a] civil action is commenced by filing a complaint with the court."

The Court cannot grant relief, such as an injunction, until a complaint is actually filed which asserts a substantive claim that supports the relief the plaintiff seeks. *See*, *e.g.*, *Smith v. Thompson*, 638 F. Supp. 2d 754, 756–57 (E.D. Ky. 2009).

Further, assuming Plaintiff's motion for a personal protective order could be construed as a complaint, it would be subject to dismissal because Plaintiff has failed to comply with the pleading requirements of Fed. R. Civ. P. 8. That rule requires the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." R. 8(a)(2). "[D]etailed allegations" are not necessary, but under Rule 8(a) the pleading must 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiff has only made general allegations about retaliation and discrimination, which do not suffice to provide Defendants notice nor to show he is entitled to relief.

### III. Order

For the reasons stated above, the Court **DISMISSES WITHOUT PREJUDICE** this action filed by Plaintiff. The dismissal is without prejudice to Plaintiff filing a proper complaint and paying filing fees or filing appropriate documentation to obtain *in forma pauperis* status.

SO ORDERED.

                                                s/Arthur J. Tarnow  
                                                Arthur J. Tarnow  
Dated: January 27, 2021      United States District Judge