UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAVAREON Q. HAYWOOD,

      Plaintiff,                                  Case No. 2:20-CV-12976
                                                  Hon. Arthur J. Tarnow

v.

WARDEN O.T. WINN, et al.,

      Defendants.

_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL AND DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING COSTS [ECF NO. 7] AND PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL [ECF NO. 9]**

Plaintiff Cavareon Q. Haywood, currently confined at the Saginaw Correctional Facility in Freeland, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff's primary complaint is that a corrections officer verbally harassed him by using racial slurs and placed him in administrative segregation without cause. ECF No. 8. Plaintiff filed a motion for a personal protective order from retaliation. ECF No. 1.

On January 27, 2021, the Court denied Plaintiff's motion for a protective order and dismissed the case without prejudice, due to the lack of a proper complaint and Plaintiff's failure to pay the filing fee or provide an application to proceed *in forma pauperis*. ECF No. 5. At the time the order

was entered, Plaintiff had only filed the protective order motion. Also on January 27, however, the clerk's office received Plaintiff's complaint, ECF No. 8, as well as his application to proceed without prepaying fees. ECF No 7. Both documents were signed November 17, 2020. They appear to have been mailed December 10, 2020, but were not docketed by the court until January 29, 2021. Finally, Plaintiff has filed a motion for appointment of counsel. ECF No. 9.

Having now reviewed all of Plaintiff's pleadings, the Court denies Plaintiff's application to proceed *in forma pauperis* and his motion for appointment of counsel. The Court also dismisses with prejudice the complaint against Defendants Winn, Washington, Ferris, Wirley, and Deshais, and Plaintiff's claim of verbal harassment; but dismisses without prejudice Plaintiff's administrative segregation claim. An explanation follows.

I.  Background

Plaintiff alleges that on July 17, 2020, Defendant RUM James Zummer verbally assaulted him using racial slurs. Compl., ECF No. 8, PageID.23. The same day, Zummer placed Plaintiff in segregation but did not explain what Plaintiff had done to deserve that placement. *Id*. When Plaintiff complained to Defendants Sgt. Ferris and Cpl. Wirley, both told him that "Zummer can do what he wants to do." *Id*. at PageID.24. Plaintiff requests Zummer be

terminated from his position, and that all MDOC staff be trained in "lawful dignified communication skills with all prisoners[.]" *Id*. at PageID.25.

Plaintiff also named as defendants Warden O'Bell T. Winn and MDOC Director Heidi Washington. The caption of his motion for a protective order lists a sixth defendant, Ofc. James Deshais. Plaintiff alleged no wrongdoing by these three individuals.

The Court previously dismissed the case because it had only received Plaintiff's motion for a personal protective order, which was insufficient to commence a civil action. ECF No. 5. It also appeared at that time that Plaintiff had failed to respond to a November 12, 2020, order of deficiency, which directed Plaintiff to pay the $400.00 filing fee or submit an application to proceed *in forma pauperis* within thirty days of the order. ECF No. 3. As noted above, Plaintiff has since filed a complaint, ECF No. 8, and responded to the deficiency order. ECF No. 7.

## II. Legal standard

Under the Prison Litigation Reform Act ("PLRA"), a court is required to dismiss a prisoner's complaint if it determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010) (citing 28 U.S.C. §§ 1915(e), 1915A(b); 42

U.S.C. § 1997e(c)). The screening requirement extends to all prisoner civil cases, whether fee-paid or *in forma pauperis*, "as the statute does not differentiate between civil actions brought by prisoners." *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is "subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

When evaluating a complaint under PLRA standards, courts "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A *pro se* civil rights complaint is to be construed liberally. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). And such a complaint "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

A complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). "[D]etailed allegations" are not necessary, but under Rule 8(a) the pleading must 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 566 U.S. at 677 (citing *Twombly*, 550 U.S. at 555).

To state a civil rights claim under 42 U.S.C. § 1983, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (citation omitted). A plaintiff must allege "more than just mere negligence," *Fisher v. City of Memphis*, 234 F.3d 312, 317 (6th Cir. 2000) (citations omitted), and must establish the liability of each individual defendant by that person's own conduct. *Iqbal*, 556 U.S. at 676. That is, the plaintiff must allege that "the defendants were personally involved in the alleged deprivation of federal rights." *Frazier v. Michigan*, 41 F. App'x 762,

5

764 (6th Cir. 2002) (citing *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983)).

### III.   Discussion

A "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record [and] may do so on motion or on its own, with or without notice." Fed. R. Civ. P. 60. At the time the Court filed its January 27, 2021, order, it was not in possession of Plaintiff's application to proceed without prepayment of fees, ECF No. 7, nor his complaint. ECF No. 8. The late filing of those documents was not the fault of Plaintiff, but likely the result of the COVID-19 pandemic's impact on the operation of the Michigan Department of Corrections and the U.S. Postal Service. Following the belated docketing of those two pleadings, the Court has now reviewed the record and determined a corrected order and judgment are necessary.

**A. Application to proceed *in forma pauperis***

First, the Court finds that Plaintiff's application to proceed *in forma pauperis* failed to comply with the deficiency order. Plaintiff did not authorize the withdrawal of fees from his trust fund account and it omitted the required account statement for the six months preceding the complaint. Order, ECF No. 3; Appl., ECF No. 7. Plaintiff did provide a certificate signed by the trust

6

fund account custodian at Saginaw Correctional Facility which indicated that Plaintiff's account had a current spendable balance of $529.57. ECF No. 7, PageID.17.

The Court concludes from that information that Plaintiff cannot establish his status as a pauper, and finds that he is able to pay the $350.00 filing fee and $50.00 administrative fee for this action. Accordingly, the Court is required to dismiss the case because Plaintiff's allegation of poverty is untrue. 28 U.S.C. § 1915(e)(2)(A).

**B. Complaint**

Dismissal is also proper as to several defendants against whom Plaintiff failed to state a claim upon which relief may be granted. First, MDOC Director Heidi Washington is not a proper defendant. Plaintiff sued Washington in her official capacity, and the Eleventh Amendment bars civil rights actions against state officials sued in their official capacities unless the state has waived its immunity and consented to suit, or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity

when it enacted 42 U.S.C. § 1983. *Chaz Const., LLC v.Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). Washington is immune from suit.

Next, Plaintiff has failed to state a claim against Defendants Winn, Ferris, Wirley, and Deshais,[1] The complaint contains no allegations at all regarding Winn and Deshais. And Plaintiff's allegations against Ferris and Wirley do not demonstrate the necessary "personal[] involve[ment]" in the deprivation of his constitutional rights. *Frazier*, 41 F. App'x at 764.

That is, Plaintiff claims he objected to Ferris and Wirley about being placed in segregation, and both told him that Defendant Zummer "can do what he wants to do." ECF No. 8, PageID.23-24. If Plaintiff is arguing that the defendants should be liable as Zummer's supervisors, such liability will not be found without establishing they "either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Hays v. Jefferson County, Ky*., 668 F.2d 869, 874 (6th Cir.1982). Plaintiff has not shown any conduct by Ferris and Wirley related to his move to segregation, let alone encouragement or direct participation.

---

[1] Plaintiff's pleadings must be construed liberally. *Boag*, 454 U.S. at 365; *Haines*, 404 U.S. at 520-21. The Court will infer from the inclusion of Defendant Deshais' name in the caption of Plaintiff's motion for a protective order, ECF No. 1, that he intended to include Deshais as a defendant.

Next, Plaintiff's verbal harassment claims against Zummer do not entitle him to relief. Plaintiff alleges that Zummer called him a "dumb motherfucker[]" and "nigger." ECF No. 8, PageID.24. Verbal abuse and harassment "do not constitute the type of infliction of pain that the Eighth Amendment prohibits." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (citing *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987)). Even the use of racial slurs "although unprofessional and reprehensible, does not rise to the level of constitutional magnitude." *Jones Bey v. Johnson*, 248 F. App'x 675, 677 (6th Cir. 2007) (quoting *Corsetti v. Tessmer*, 41 F. App'x 753, 755–56 (6th Cir. 2002)); *see also Ivey*, 832 F.2d at 954.

Plaintiff's final complaint is that Zummer deprived him of his liberty by placing him in segregation without justification. ECF No. 8, PageID.24. Plaintiff did not report the duration of his time in segregation (or whether he was still there as of his most recent pleading), nor has he described the conditions of his confinement, both of which are the factors courts assess to determine whether placement in segregation represents a hardship of constitutional magnitude. *Powell v. Washington*, 720 F. App'x 222, 226 (6th Cir. 2017). Plaintiff does mention that he was deprived of mental health services and was on psychiatric medication. Compl., ECF No. 8, PageID.23, 27. He also alleges he suffered panic attacks. *Id*. at PageID.24.

9

Courts must evaluate whether segregation constitutes "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life[,]" which would implicate a liberty interest protected by due process. *Powell v. Washington*, 720 F. App'x 222, 226 (6th Cir. 2017) (citing *Harden-Bey v. Rutter*, 524 F.3d 789, 792-93 (6th Cir. 2008)). In general, "atypical and significant hardship" requires finding "extreme circumstances," such as being "subject to indefinite administrative segregation." *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (citing *Harden–Bey*, 524 F.3d at 795).

However, the Sixth Circuit also recognizes that segregation more severely affects inmates with existing mental illness and cautions that assessments of solitary confinement should consider the mental health of the individual, "recognizing the 'growing consensus' that solitary confinement 'can cause severe and traumatic psychological damage . . .'" *J.H. v. Williamson Cty., Tennessee*, 951 F.3d 709, 719 (6th Cir. 2020), *cert. denied sub nom. J. H. v. Williamson Cty., TN*, No. 20-353, 2020 WL 6701106 (U.S. Nov. 16, 2020) (quoting *Palakovic v. Wetzel*, 854 F.3d 209, 225 (3d Cir. 2017)). "A court cannot . . . pretend that the effects of solitary confinement are the same regardless of a detainee's mental health status." *Id*. at 720, n.2

The court raised the "genuine concern that the negative psychological effects of [an individual's] segregation will drive him to self-harm." *Id*. at 719 (quoting *Wallace v. Baldwin*, 895 F.3d 481, 485 (7th Cir. 2018)). Further, "[t]here is not a single study of solitary confinement wherein non-voluntary confinement that lasted for longer than 10 days failed to result in negative psychological effects." *Id*. (quoting *Williams v. Sec'y Pa. Dep't of Corr.*, 848 F.3d 549, 566 (3d Cir. 2017)) (alteration in original).

Accordingly, had Plaintiff paid the filing fee or qualified for *in forma pauperis* status, his claim against Defendant Zummer regarding administrative segregation would not be subject to summary dismissal at the pleading stage. It will therefore be dismissed without prejudice.

### IV. Order

For the reasons stated above, the Court orders Plaintiff's application to proceed without prepayment of fees, ECF No. 7, be **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint against Defendants Winn, Washington, Ferris, Wirley, and Deshais; and Plaintiff's claim of verbal harassment against Defendant Zummer be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's remaining segregation claim against Defendant Zummer be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's right to refile this claim, subject to payment of filing fees and costs or proper demonstration of *in forma pauperis* status.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel, ECF NO. 9, is **DENIED AS MOOT**.

Finally, Plaintiff may not proceed without prepayment of the fees and costs on appeal because an appeal would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

SO ORDERED.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: March 30, 2021      United States District Judge